(44 Misc. Rep. 12.)

## PEOPLE v. BISHOPP.

(Supreme Court, Special Term, Madison County.   June, 1904.)

1. FOOD—CARCASSES OF VEAL—TAGGING.
   Laws 1902, p. 59, c. 30, §§ 70e, 70f, making it unlawful to ship to or from any part of the state the carcass of a calf, without a tag stating the name of the person who raised it, and the name of the shipper, the point of shipping, and the destination and age of the calf, applies to every shipment to or from any part of the state, no matter whether the calf when slaughtered was within the age of four weeks, or whether the shipment was to some point in another state.

2. SAME—CONSTITUTIONAL LAW.
   Laws 1902, p. 59, c. 30, §§ 70e, 70f, requiring carcasses of calves shipped in the state to be tagged, is not violative of the interstate commerce provisions of the federal Constitution.

3. SAME.
   Laws 1902, p. 59, c. 30, §§ 70e, 70f, relating to the shipment of carcasses of calves in the state, is not an unreasonable interference with private rights and property.

Action by the people against Burdett Bishopp.   Demurrer to complaint.   Overruled.

Alphonso E. Fitch, for plaintiff.

Charles J. Coleman (Joseph Mason, of counsel), for defendant.

MILLER, J.   The question here presented arises upon the defendant's demurrer to the second cause of action of the plaintiff's complaint, which alleges a violation of section 70f, art. 4, of the agricultural law, being a portion of chapter 30, p. 59, of the Laws of 1902; and the defendant contends that the statute does not apply to shipments from this state to other states, which is the act alleged in the complaint; and, second, that, if it does, it is in violation of the interstate commerce provision of the federal Constitution; and, third, that it is in conflict with the state Constitution, as being an unreasonable interference with private rights and property.

It will be noticed that the statute makes it unlawful to ship "to or from any part of this state" any carcass or carcasses of a calf or calves, unless a tag is attached in the manner required.   The plain meaning of the section, standing alone, clearly extends to every shipment to or from a point in the state, and therefore includes the case alleged in the complaint, unless it can be seen by reference to other parts of the statute that it was only intended to refer to a particular class of shipments.   Section 70f was undoubtedly intended as a means to secure the enforcement of section 70e, which precedes it, and which prohibits the slaughtering, exposing for sale or selling, within the state, for food, any calf, unless it is in good, healthy condition, and at least four weeks old at the time of killing.   Section 70f does not apply simply to animals, the sale of which within the state, is prohibited, but applies to all of the class, the selling of which below a certain age is prohibited.   This section does not make it unlawful to ship these carcasses, does not in any manner prohibit their shipment,

but simply imposes a condition, to wit, the tagging in the manner required. If the section should be so limited as to apply only to the animals, the sale of which is prohibited, it would assist but little in the detection of violations of section 70e. I think, therefore, that, reading the section according to the plain meaning of the words used, and giving it the intention which reference to other parts of the statute clearly show it to have, it must be held that section 70f is intended to apply to every shipment of carcasses of calves to or from any part of this state, no matter whether the calf when slaughtered was within the age prescribed by section 70e, or whether the shipment was to some point in another state.

As to the objection that it is in violation of the federal Constitution, the statute does not import by its terms to regulate in any manner interstate commerce, and such is not its effect. It is not the case of a prohibition against some article of commerce, neither is it a case of the imposition of some unreasonable regulation, the practical effect of which results in such prohibition. It not only does not prohibit the shipment of any carcass. It in no manner restricts such shipment. It simply and solely requires that a tag containing the information required be affixed to the carcass. This seems to be a very easy and practicable thing to do, unless the shipper is attempting to violate section 70e, under the pretense that he is shipping such carcass out of the state, and that it is not intended for use as food within the state. The object of this statute is undoubtedly to protect the health of the citizens of the state, and for that purpose it prohibits the sale of so-called bob veals as food, on the theory that they are unhealthful. Such appears to be plain from a reading of the statute with reference to its context. It may be regarded as a matter of common knowledge that very young calves are unwholesome and unfit for food. It is clearly within the province of the Legislature, therefore, in the exercise of the police power, to prohibit the sale of such calves for food. The act in question must be regarded as expressing the judgment of the Legislature that four weeks is the minimum age under which calves are unwholesome and unsuitable as food, and, giving this law the presumption to which it is entitled, this conclusion cannot be said to be unreasonable or contrary to the common knowledge of mankind. Section 70f may therefore be regarded as a reasonable, and in fact a necessary, requirement to compel obedience to section 70e; and it cannot be regarded as in any manner a regulation of or interference with interstate commerce, but as a reasonable exercise of the police power of the state to secure obedience to a reasonable law to protect the people of the state against the sale of unwholesome food.

This cannot be regarded as in any way interfering with the property rights of the defendant. The statute simply requires him to put a tag on all carcasses shipped by him which will give the officers of the state such information as will enable them to verify the statement as to their age, and to trace them to their destination, so as to insure that they shall not be sold in this state for food if within the prohibited age. To assert that putting a tag on the carcass, showing

the age of the calf when slaughtered, injures the property rights of the defendant, is an admission that the calf is of such an age as that, if the truth be told, it will take away the value which it could only possess by being fraudulently sold as an article which it is not. If the defendant was not attempting to violate the law, he could not be injured in any way by being compelled to give the information required. If this information enables the officers of the state to prevent him from violating section 70e, he has been deprived of no right; he has simply lost an opportunity to violate the law. I have been unable to find any authority holding that among the rights protected by the Constitution is the right to deceive or defraud the public. The demurrer must be overruled, and judgment directed for the plaintiff, with costs, with leave to the defendant to plead over upon payment of costs.

Demurrer overruled, and judgment directed for plaintiff, with costs, with leave to defendant to plead over upon payment of costs.